UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:                                                  Chapter 11

381 Broadway Realty Corp.,                              Case No.

                        Debtor.
---------------------------------------------------------------x

**RECEIVER'S DECLARATION
PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2**

Alan Tantleff declares the following under penalties of perjury pursuant to 28 U.S.C. § 1746:

1. I am currently the duly appointed and acting Receiver for 381 Broadway Realty Corp. (the "Debtor"), pursuant to Order entered by the Supreme Court, New York County, on October 21, 2020 (the "Order of Appointment"). I replaced the prior receiver for the Debtor's property, Peter Hanschke (the "Initial Receiver"), who was removed at the request of the Debtor's senior lender, due to the Initial Receiver's failure to comply with the requirements of his appointment order, as more fully discussed in Judge Lebovitz's decision dated September 24, 2020.

2. Importantly for purposes of this bankruptcy case, my Order of Appointment, a copy of which is annexed hereto as Exhibit "A", specifically conferred on me the power and authority to place the Debtor's property into bankruptcy, and to retain counsel for such purpose. In furtherance of my Order of Appointment, I am causing this bankruptcy filing to be made on the Debtor's behalf.

3. In accordance with the Local Rules, I am submitting this Declaration, to the best of my knowledge, pursuant to Local Rule 1007-2 to assist the Court, creditors and other parties-in-interest in understanding the circumstances necessitating the filing of the Chapter 11 petition, the Debtor's debt and capital structure, and the Debtor's plans to emerge from

1

bankruptcy. I have been involved with the Debtor's property for only a few weeks' time, so I reserve the right to amend or supplement this Declaration as more information becomes available.

### Lead-Up to the Chapter 11 Filing

4. The Debtor is the owner of certain commercial real property located at 381 Broadway, New York (the "Property"), which has been in foreclosure since 2018. The Property is currently subject to a judgment of foreclosure obtained by the senior lender, 381 Broadway Lender LLC (the "Senior Lender"), on or about January 28, 2020 in the sum of approximately $20 million.

5. The Property itself contains both retail stores and offices, and is believed by the Senior Lender to have a current value of approximately $19 million. At this point, the Property is mostly vacant, with three retail tenants still operating on the ground level. The other retail space and all four upstairs offices are vacant. There are limited funds to operate. One of the three existing retail tenants is not paying rent. It is not clear yet if the two other remaining tenants are paying all or a portion of their contract rent.

6. The foreclosure process has been interrupted by the Covid-19 pandemic and issues relating to the Initial Receiver. Indeed, the Senior Lender alleged that the Initial Receiver let the Property deteriorate, culminating in an Order to Show Cause dated June 8, 2020 seeking the removal of the Initial Receiver due to mismanagement and failure to comply with prior Court orders. As noted above, the Initial Receiver was removed under my Order of Appointment entered last month. *See,* Exhibit "A".

7. I inherited a Property that requires immediate attention, as there are few remaining tenants, and inadequate rents to fully operate the premises. I believe that insurance has

2

not been paid, and real estate taxes due in July 2020 are unpaid. There are no funds to pay for trash removal, pest maintenance, or any necessary repairs.

8. In conjunction with the proceedings to remove the Initial Receiver, I also understand that it was the consensus, including the view of the State Court, that a sale of the Property through Chapter 11 is the best route forward. Thus, I am proceeding with the Chapter 11 filing in furtherance of the powers conferred upon me under the Order of Appointment.

9. Indeed, I think it is very unique for my State Court Order of Appointment to include express provisions allowing for a bankruptcy filing. The fact that such a provision was included speaks volumes as to the need for prompt action.

**Exit Strategy**

10. The goal of the Chapter 11 case is to pursue a robust sale and marketing process for the Property based on a traditional set of bidding procedures and an auction. The sale of the Property will be conducted in conjunction with the filing of a liquidating plan of reorganization and disclosure statement. In the interim, I will move to continue my receivership and excuse compliance with the turnover provisions of the Bankruptcy Code given the prior ruling of the State Court authorizing me to file the Chapter 11 case.

**Local Rule 1007-2 Disclosures**

11. Pursuant to Local Rule 1007-2(a)(3), no committees were formed prior to the filing of the Debtor's Chapter 11 Petition.

12. Pursuant to Local Rule 1007-4(a)(4), a list of all of the Debtor's creditors is attached hereto.

13. Pursuant to Local Rule 1007-4(a)(5), there are two secured creditors, 381 Broadway Lender LLC, with a mortgage lien in the approximate amount of $20 million, and Titan Capital ID LLC, with a mortgage lien in the approximate amount of $3 million.

3

14. Pursuant to Local Rule 1007-4(a)(6), the Debtor's assets and liabilities are set forth in bankruptcy schedules filed herewith.

15. Pursuant to Local Rule 1007-4(a)(7), the membership interest in the Debtor is not publicly traded, and is believed to be held by Gary Tse, as listed in the schedule of equity holders filed herewith.

16. Pursuant to Local Rule 1007-4(a)(8), the Debtor's assets are in the possession or custody of the undersigned as Receiver.

17. Pursuant to Local Rule 1007-4(a)(9), the Property is owned by the Debtor in fee simple. The Debtor had a series of leases, as listed in Schedule G, filed herewith. Many of the tenants are in default and have vacated the premises.

18. Pursuant to Local Rule 1007-4(a)(10), some of the Debtor's books and records are in my possession. Other records may be in the possession of the Initial Receiver or the Debtor's principals.

19. Pursuant to Local Rule 1007-4(a)(11), a list of all pending lawsuits is filed herewith. In addition to the two foreclosure actions, there is a personal injury suit that was commenced recently.

20. Pursuant to Local Rule 1007-4(a)(12), the compensation of my firm and me shall be subject to Bankruptcy Court approval following continuation of the receivership.

21. Pursuant to Local Rule 1007-4(b)(1), the Debtor has one part-time janitorial employee.

22. Pursuant to Local Rule 1007-4(b)(2) and (3), the Debtor anticipates incurring disbursements in the next 30 days of approximately $7,500-$10,000 to maintain the Property, plus an insurance payment of $24,000.

Dated: New York, New York
November 6, 2020

By: /s/ Alan Tantleff, Receiver