UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                                    Chapter 11

381 Broadway Realty Corp.,                                   Case No. 20-12605-MG

                                Debtor.
------------------------------------------------------------x

## SUPPLEMENTAL DECLARATION OF RECEIVER

Alan Tantleff declares the following under penalties of perjury pursuant to 28 U.S.C. § 1746:

1. I am the duly appointed and acting Receiver for 381 Broadway Realty Corp. (the "Debtor"), pursuant to Order entered by the Supreme Court, New York County, on October 21, 2020.

2. I make this Declaration to supplement the information contained in my Declaration pursuant to Local Rule 1007-2 (the "Local Rule Declaration"), and in support of the Debtor's omnibus motion (i) to excuse the state court receiver's compliance with the turnover provisions of 11 U.S.C. § 543(a) and (b), pursuant to 11 U.S.C. § 543(d); (ii) designating the receiver, Alan Tantleff (the "Receiver"), as the responsible person to act for the Debtor pursuant to Bankruptcy Rule 9001(5); and (iii) authorizing the Debtor to retain FTI Consulting to assist in the management of the Debtor's property (the "Omnibus Motion"). All capitalized terms herein shall have the same meaning as in the Omnibus Motion without being defined again, except as may be useful for clarification.

3. As set forth in the Local Rule Declaration, I was appointed as the Receiver following the removal of the Initial Receiver for the Debtor's Property, Peter Hanschke on October 21, 2020.

4. I am a Senior Managing Director and Leader of the Hospitality, Gaming & Leisure industry practice, specializing in real estate, at FTI Consulting, a global consulting firm with offices at 3 Times Square, New York, NY 10036. I have more than 25 years of experience in real estate investment and development.

5. I previously served as receiver of the real estate assets owned by Hermitage Inn Real Estate Holding Company, LLC ("Hermitage") in the state of Vermont. Following the filing of an involuntary Chapter 7 petition against Hermitage, I was continued as Receiver under 11 U.S.C. §303(g) until the entry of an Order for Relief and the appointment of a trustee.

6. It is my understanding that I was selected by the Supreme Court overseeing the foreclosure action by reason of my experience in turn around management, prior service as a receiver for other properties, my inclusion on the list of New York State Unified Court System Part 36 approved real estate receivers, as well as my relationship with FTI Consulting, which I propose to retain to assist me in the management of the Debtor's Property.

7. Since my appointment on October 21, 2020, I have taken the initial steps to replace the Initial Receiver, including inspecting the Property, contacting the tenants and directing the payment of rents to me as Receiver, coordinating with TD Bank on the transition of the Initial Receiver's bank accounts, and demanding turnover of books and records from the Initial Receiver.

8. Most importantly, even before my appointment, I met (telephonically) with the Senior Lender and its counsel to discuss the best path forward. It became clear that the limitations on foreclosure sales under the New York on Pause executive orders issued by Governor Andrew Cuomo will delay the sale of the Property through the foreclosure action. This is a cause for concern, since there are only three small current tenants, and at least one of

2

them is not paying any rent, so that there is a severe income shortage below the level necessary to maintain and operate the Property. For example, it appears that the July 2020 real estate taxes have not been paid.

9. After discussions with the State Court and the Senior Lender and its counsel, it was agreed to request that the Removal Order not only appoint me, and authorize me to retain FTI Consulting to assist in managing the Property, but further confer upon me the authority to cause the Debtor to file this Chapter 11 petition. These provisions were included in the Removal Order that was entered by the State Court.

10. The Chapter 11 filing protects the Property through the automatic stay provisions of 11 U.S.C. §362, while enabling the Property to be marketed and sold under the procedures established pursuant to 11 U.S.C. §§363 and 1123(a)(5). I believe that this will maximize the possibility of obtaining going concern value for the Property, while at the same time safeguarding the interests of the Senior Lender and all other creditors and parties in interest.

11. Additionally, a building cannot be left to deteriorate. Issues like maintenance of building systems (including fire, elevator and life safety), pest eradication, maintenance of utilities, maintenance of building insurance are all of paramount concern.

12. Shortly after being appointed as Receiver, I executed an Engagement Letter with FTI Consulting covering the terms of their employment. A copy of the Engagement Letter is annexed as Exhibit "E" to the Omnibus Motion. Prior to bankruptcy, the Senior Lender made certain protective advances to me under its loan, including a retainer of $24,500[1] for FTI Consulting. Notwithstanding any provisions in the Engagement Letter to the contrary, all fees earned by FTI Consulting shall be subject to approval by this Court upon written application following a notice and hearing pursuant to 11 U.S.C. §§ 330 and 331.

---

[1] I reduced the retainer slightly to $24,500 to maintain a positive standing balance of $500 in my Receiver bank account.

13. I have not received any retainer or other compensation for my services, and shall make application to this Court upon notice and hearing pursuant to 11 U.S.C. §§ 330 and 331.

14. In addition to the pre-petition retainers, the Senior Lender has agreed to fund certain of the expenses needed to protect the Property pending a sale through a DIP Loan, including insurance, which I intend to file with the Bankruptcy Court. The terms of the loan are being negotiated, and I anticipate that a financing motion will be filed once my authority is affirmed through the Omnibus Motion.

15. I participated in the creation of the schedules, which includes all those who provided services to the Initial Receiver, and who might have outstanding claims against the Debtor, as well as the secured creditors. Based upon my review of the schedules, neither FTI Consulting nor I have performed any services for the Debtor or the creditors outside of my services as Receiver herein. To the best of my knowledge, neither I nor FTI Consulting have any materially adverse connection to the Debtor, the Senior Lender, any other creditors of the Debtor, or other parties-in-interest.

16. Based upon all of the foregoing, I submit that FTI Consulting and I are both disinterested within the meaning of the Bankruptcy Code, and well qualified to serve the Debtor in this case.

Dated:  New York, New York
        November 11, 2020

                    By:   /s/ Alan Tantleff, Receiver