| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | Hearing Date: December 17, 2020<br>Hearing Time: 2:00 p.m. |

------------------------------------------------------------x

Case No. 20-12605 (MG)

In re

381 BROADWAY REALTY CORP.,

Chapter 11

           Debtor.

------------------------------------------------------------x

**OBJECTION OF THE UNITED STATES TRUSTEE TO OMNIBUS
MOTION OF 381 BROADWAY REALTY CORP. TO (i) EXCUSE
THE RECEIVER'S COMPLIANCE WITH THE TURNOVER
PROVISIONS OF THE BANKRUPTCY CODE; (II) DESIGNATING
ALAN TANTLEFF, THE RECEIVER, AS THE RESPONSIBLE
PERSON TO ACT FOR THE DEBTOR PURSUANT TO
BANKRUPTCY RULE 9001(5); AND (III) AUTHORIZING
THE DEBTOR TO RETAIN FTI CONSULTING TO ASSIST IN
THE RECEIVER'S MANAGEMENT OF THE DEBTOR'S PROPERTY**

**TO THE HONORABLE MARTIN GLENN, BANKRUPTCY JUDGE:**

The United States Trustee for Region 2 (the "United States Trustee") objects to the Omnibus Motion of 381 Broadway Realty Corp. to (I) Excuse the Receiver's Compliance with the Turnover Provisions of the Bankruptcy Code; (II) Designating Alan Tantleff, the Receiver, as the Responsible Person to Act for the Debtor Pursuant to Bankruptcy Rule 9001(5); and (III) Authorizing the Debtor to Retain FTI Consulting to Assist in the Receiver's Management of the Debtor's Property, ECF Doc. No. 3 (the "**Omnibus Motion**"). In support of his Objection, the United States Trustee represents and alleges as follows:

## Introduction

The United States Trustee objects to the Omnibus Motion[1] for several reasons. First,

---

[1] Although the Omnibus Motion was purportedly filed by the Debtor, the Omnibus Motion contains no indication that the Debtor had anything to do with the commencement of this chapter 11 case, let alone the filing of the Omnibus Motion.

this is not a case where a state court receiver seeks to continue to serve as a custodian of certain property while the chapter 11 debtor-in-possession or trustee administers the case.   Here, Alan Tantleff of FTI (the "**Property Receiver**") seeks authority from this Court to allow the Property Receiver to supplant Debtor's management, to designate the Property Receiver as a person in control of the Debtor and to ratify his prior decision to file a voluntary petition for the Debtor. Despite a vague reference in the State Court Removal Order (as defined below) that the Property Receiver has the right to put the "property" into bankruptcy, the State Court did not and arguably could not in a state court foreclosure action authorize the Property Receiver to displace Debtor's management and to install the Property Receiver as a person in control of the Debtor.   While strategically it may be beneficial for the interest of creditors and other stakeholders for the Property (as defined below) to be administered in a bankruptcy case, the Property Receiver, as a custodian of the Property, does not have the requisite authority to act as a debtor in possession or to file a voluntary petition on behalf of the Debtor. The State Court Removal Order arguably gives the Property Receiver the authority to sell the property, the authority to turn over the property to a trustee administering a bankruptcy case or the authority to pursue an involuntary bankruptcy filing against the Debtor. It does not, however, grant the Property Receiver[2] the powers of a debtor in possession or a trustee to act for the Debtor or to otherwise perform the many other duties required of a fiduciary in a chapter 11 case including, among others, filing the Petition, investigating claims or pursuing causes of action.   Second, the United States Trustee intends to file a motion to dismiss this chapter 11 case or, in the alternative, directing the appointment of a chapter 11 trustee to administer all aspects of this chapter 11 case (the "**Dismissal Motion**").   Should the Dismissal Motion be granted, the Omnibus Motion would

---

[2] Section 105(b) of the Bankruptcy Code provides that "a court may not appoint a receiver in a case under this title."

-2-

become moot.   Accordingly, the Property Receiver's request to be excused from turning over the property under section 345(d)(1) of the Bankruptcy Code should be denied.

Similarly, the request of the Property Receiver to be deemed a "responsible person" under Federal Rule of Bankruptcy Procedure 9001(5) should be denied.   He is an *in rem* actor with respect to the Property; he is not in control of the Debtor nor has any authority to act for the Debtor.   Pursuant to the State Court's mandate, he serves as the custodian of the Property for the benefit of creditors.   The Property Receiver now seeks authorization from this Court to exceed the scope of both the state court's *in rem* mandate and Rule 9001(5).   As noted above the State Court Removal Order granted the Property Receiver with authority and control over the Property, not the Debtor.   The Property Receiver now seeks this Court's authority to exceed and expand the scope of that authority.   Moreover, Rule 9001(5) is inapplicable here because the Property Receiver is merely a custodian the Property, with no authority to act as either a debtor-in-possession or a chapter 11 trustee and this Court is prohibited from appointing a receiver in this case.   See 11 U.S.C. § 105(b).   Accordingly, the Property Receiver's request to be appointed as a "responsible person" should be denied.

Finally, the Omnibus Motion seeks authorization for the retention of FTI Consulting LLP ("**FTI**") to assist the Property Receiver in the management of the Property for which he is the custodian.   FTI is a "professional person" that must pass muster under section 327(a) of the Bankruptcy Code.   Assuming that this Court finds that it has the authority to install the Property Receiver as the debtor in possession or as a chapter 11 trustee, the proposed retention of FTI constitutes a clear violation of the disinterestedness requirement set forth in section 327(a), because the Property Receiver is an employee of FTI.   Furthermore, the Property Receiver cannot retain FTI as his financial advisor under section 327(d), as FTI is neither an attorney nor

-3-

an accountant. Such advisors are "professional persons" that must pass muster under section 327(a). Therefore, the relief sought in the Motion with respect to FTI cannot be granted.

## Background

1.     381 Broadway Realty Corp. (the "**Debtor**") owns a parcel of commercial property (the "**Property**") in Manhattan. *See* Omnibus Motion, ¶ 4, ECF Doc. No. 3; Receiver's Declaration Pursuant to Local Bankruptcy Rule 1007-2, dated November 6, 2020 (the "**Rule 1007-2 Declaration**"), ¶ 4; ECF Doc. No. 1, pg. 23 of 44.

2.     On or about January 28, 2020, the Debtor's senior lender, 381 Broadway Lender LLC (the "**Senior Lender**"), obtained a $20 million foreclosure judgment in state court. Rule 1007-2 Declaration, ¶ 4. According to the Rule 1007-2 Declaration, the Senior Lender believes that the approximate value of the Property as of the commencement of the case was $19 million. *Id.* at ¶ 5.

3.     During the pendency of a state court foreclosure action, an initial *in rem* property receiver (the "**Initial Receiver**") was appointed pursuant to an Order of the state court dated March 20, 2019. *See id.* at ¶ 6. The Initial Receiver was subsequently removed "due to mismanagement and failure to comply with prior Court orders" and replaced by the Property Receiver, pursuant to an Order dated October 21, 2020 (the "**State Court Removal Order**"). *See id.* at ¶ 6.

4.     The State Court Removal Order authorized the *in rem* Property Receiver to take control of the Property for the benefit of creditors. While it is not exactly clear what the import of such language, the State Court Removal Order also authorized the Property Receiver "to place the Property into bankruptcy . . . and to take all necessary steps to resolve any such bankruptcy proceeding. . . ." Removal Order, ECF Doc. No. 1, pg. 30 of 44.

5.      On November 6, 2020 (the "**Petition Date**"), the Property Receiver signed the Petition. *See* Petition, ECF Doc. No. 1, pg. 4 of 44, as well as the Schedules, *see id.* at pg. 5 of 44, and the Rule 1007-2 Declaration, *see id.* at pg. 26 of 44 (the "**Rule 1007-2 Declaration**").

6.      According to the Rule 1007-2 Declaration, the Property Receiver intends to pursue a sale and marketing process and to file a disclosure statement and liquidating chapter 11 plan. Rule 1007-2 Declaration, ECF Doc. 1, ¶ 10, pg. 24 of 44.

7.      Based on the filings, it appears that the Debtor and its principal played no role in the decision to file this chapter 11. *See id. passim.*

8.      To date, the United States Trustee has been unable to appoint an official committee of unsecured creditors. *See* ECF Docket Report.

**The Omnibus Motion**

9.      The Omnibus Motion, which was filed on November 11, 2020, ECF Doc. No. 3, calls for three forms of relief: First, it seeks the Court's authorization to excuse the Property Receiver's compliance with the turnover provisions set forth in section 543 of the Bankruptcy Code. Motion, ¶ 1. Second, it seeks an order designating the receiver as the "responsible person" to act for the debtor under Federal Rule of Bankruptcy Procedure 9001(5). *Id.* at ¶ 2. Third, it seeks authorization for the retention of FTI as an advisor to help the receiver with the management of the property of which he is the custodian. *Id.*

**Argument**

**A.     The Receiver's Motion Should Be Denied Because (1) He
Filed The Chapter 11 Case Without Authority to Do So,
And (2) He Apparently Intends to Administer Only
Certain Aspects of the Chapter 11 Case**

**1.  The Property Receiver Had No Authority To File the Petition**

The Property Receiver had no authority to supplant the Debtor's management, to act for the Debtor and to file the Petition. The State Court Receiver Order provided that the Property Receiver was "appointed . . . as receiver of the mortgaged premises," not as receiver of the Debtor. State Court Removal Order, ECF Doc. No. 3, pg. 31 of 52. That is a distinction with a big difference. From the date of his appointment, the *in rem* Property Receiver's role was restricted to the Property. *See id.* Nowhere does the State Court Removal Order grant the Property Receiver *in personam* rights to any aspect of the Debtor – its assets, its claims, its liabilities, its management -- other than those related to the Property, such as rents.

Seizing upon the provision in the State Court Removal Order authorizing him "to place the Property into bankruptcy," *id.* at pg. 33 of 52, the Property Receiver took it upon himself to move beyond the scope of his mandate and, without authorization, take *in personam* control of the Debtor in order to sign and file the Petition. The Property Receiver had no right to do this. *See 400 Madison Ave. Ltd. P'ship*, 213 B.R. 888, 898 (Bankr. S.D.N.Y. 1997) (receiver appointed as custodian of property cannot become debtor-in-possession with total control of debtor's management). Because this case was commenced without proper authorization, it should be dismissed.

The Property Receiver was apparently motivated to take this course of action because of his inability to sell the Property under the auspices of the state court. *See* Omnibus Motion, ¶ 9.

The Property Receiver counted among his frustrations, "interruptions in commercial foreclosures caused by the Covid-19 pandemic. . . ."  *Id.*  More specifically, the Property Receiver explains in his Supplemental Declaration that "limitations on foreclosure sales under the New York on Pause executive orders . . . will delay the sale of the Property through the foreclosure action." Supplemental Declaration, ¶ 8.  Obviously, then, there was a reason why the Property Receiver unilaterally assumed the mantle of the Debtor in order to file the Petition:  He seeks to do in this Court what he could not accomplish in the state court; he wanted to sell the Property.  In doing so, the Property Receiver request that the Court expand his authority beyond the state court mandate.

> 2. **The Property Receiver Apparently Would Not Perform All Functions and Duties of a Trustee in Administering this Chapter 11 Case**

Curiously, while the Property Receiver has enlarged his role from that of a custodian of the Property to that of Debtor's management, he apparently intends to narrow the statutory role of a trustee in administering this case.  Indeed, the Property Receiver seemingly does not intend to manage all of the Debtor's affairs in this chapter 11 case.  Instead, the Debtor intends to sell the Property and then file a disclosure statement and plan.  Omnibus Motion, ¶ 10.

Unlike a debtor-in-possession, which must "perform all the functions and duties . . . of a trustee serving in a case under [chapter 11]," 11 U.S.C. § 1107, the Property Receiver -- apart from his continued management of the Property -- wants to limit his chapter 11 mandate to two aspects of the chapter 11 case, namely, the sale and confirmation process.  Omnibus Motion, ¶ 10.  However, there are other functions a trustee must perform to carry out his fiduciary duties.

A chapter 11 trustee would determine, for example, whether the estate may have one or more causes of action against the Debtor's management, the Initial Receiver and potentially the Property Receiver.  A trustee would also investigate the validity of the various creditors' claims

-7-

against the debtor, including the claim of the Senior Lender. And these claims are quite substantial. In addition to the Senior Lender's claim, Schedule D filed by the Property Receiver lists a claim in excess of $3 million held by Titan Capital ID LLC. Schedule D, ECF Doc. No. 1, pg. 11 of 44. Unsecured priority claims include a $99,185.84 claim held by the NYC Department of Finance for real estate taxes, and the Property Receiver lists 24 general unsecured claims, each of which is listed in an "unknown" amount. Schedules E and F, ECF Doc. No. 1, pg. 13-17 of 44.

In addition, a chapter 11 trustee would examine the Debtor's leases that are listed in Schedule G. ECF Doc. No. 1, pg. 19. In connection with the aforementioned secured claims, the trustee would also investigate the claims the secured lenders may have against the Debtor's principal, who is listed as a co-debtor in Schedule H. ECF Doc. No. 1, Pg. 20 of 44. Finally, the Property Receiver has stated that "there is a personal injury suit that was commenced recently." Rule 1007-2 Declaration, ECF Doc. No. 1, pg. 25 of 44.

Nothing in either the Rule 1007-2 Declaration or the Omnibus Motion suggests that the Property Receiver intends to address any of these issues. Furthermore, given the limitations of the State Court Removal Order, which authorized the Property Receiver "to place the Property into bankruptcy," Removal Order, ECF Doc. No. 1, pg. 30 of 44, there is a limit to what the Property Receiver is authorized to do with respect to the Debtor's affairs apart from taking care of the Property. In addition to displacing the Debtor and filing this chapter 11 case, the Property Receiver is attempting to narrow the wide range of duties for which a chapter 11 fiduciary is responsible. The Receiver, in addition to continuing to manage the Property, seeks to reduce the chapter 11 process to (1) filing the Petition and accompanying documents, (2) selling the Property, and (3) filing a disclosure statement and liquidating plan.

### B. The Property Receiver Should Not Be Excused from His Obligation to Deliver the Property Under Section 543(b)

Section 543(a) of the Bankruptcy Code prohibits a custodian[3] from administering a debtor's property of which he is the custodian, "except such action as is necessary to preserve such property." 11 U.S.C. § 543(a). Section 543(b)(1) requires the custodian to "deliver to the trustee any property of the debtor held by . . . the custodian. . . ." 11 U.S.C. § 543(b)(1); *In re South Side House, LLC*, 474 B.R. 391, 405 (Bankr. E.D.N.Y. 2012) (a custodian must deliver to the debtor in possession or trustee any property that he manages). Section 543 generally contemplates that the receivership will end upon the bankruptcy filing. 11 U.S.C. § 543(a) and (b)(1), (2). Moreover, "the bankruptcy court . . . supersedes the authority of the state or federal court which appointed the receiver." *400 Madison Ave. Ltd. P'ship*, 213 B.R. at 898.

Under certain circumstances, however, section 543(d)(1) authorizes the Court allow a custodian to retain his custodial duties with respect to a debtor's property. 11 U.S.C. § 543(d)(1). A receiver may invoke section 543(d)(1) where "the interests of creditors and, if the debtor is not insolvent, of equity security holders would be better served" by allowing a custodian to continue to serve as the custodian of a debtor's property. *Id.*; *see also In re Liberec Realty Corp.* 188 B.R. 499, 506 (Bankr. S.D.N.Y. 1995) (relief under section 543(d)(1) appropriate where turnover serves no purpose).

As noted in the Omnibus Motion at ¶ 13, the factors courts consider in determining whether to excuse turnover include (1) the likelihood of sufficient revenue to fund a reorganization, (2) whether the debtor will use the property to benefit creditors, (3) whether the debtor has mismanaged the property, and (4) whether there are preferences that a receiver has no

---

[3] The Bankruptcy Code's definition of a "custodian" includes a "receiver or trustee of any of the property of the debtor, appointed in a case or proceeding not under this title." 11 U.S.C. § 101(11)(A).

-9-

power to avoid. *Lizeric*, 188 B.R. at 506-07. These factors, however, are irrelevant here, because they presuppose the active presence of the debtor in a debtor-in-possession case, or that a person with proper authorization filed the chapter 11 petition. Here, the filing of the Petition by the Property Receiver was improper, and the case should be dismissed. Accordingly, an analysis of the factors that courts apply in determining whether to excuse turnover is pointless in this case.

    **C.** **The Request to Excuse the Turnover of Property Should Be Denied, Because the Case Should Be Dismissed; Alternatively, Court Should Direct the Appointment of a Chapter 11 Trustee**

Here, the stark facts are that the Property Receiver filed this case without authorization and that the Debtor's management is absent from this chapter 11 case.[4] Under section 1101 of the Bankruptcy Code, a "debtor in possession" is a "debtor except when a person that has qualified under section 322 of this title[5] is serving as trustee in the case." 11 U.S.C. § 1101(1). A debtor-in-possession has the rights, other than those specified in section 1106(a)(2)(3), and (4), of a chapter 11 trustee. 11 U.S.C. § 1107(a); *400 Madison Avenue*, 213 B.R. at 898.

---

[4] This case, where Debtor's management is simply absent, is to be distinguished from a case where the Debtor is under new management. In *In re Bayou Group, L.L.C.*, 363 B.R. 674 (S.D.N.Y. 2007), *aff'd sub nom. Adams v. Marwil (In re Bayou Grp. LLC)*, 564 F.3d 541 (2d Cir. 2009), the district court held that the individual designated by the court pre-petition as a managing member had "the sole and exclusive power and authority to *manage and direct the business* and financial affairs of the Bayou Entities. . . ." *Id.* at 686 (emphasis in original). Thus, the managing member's "status as corporate governor blossomed into that of debtor-in-possession since [he] . . . was debtor's management. *Id.* at 687. Moreover, the district court, quoting with approval the bankruptcy court, noted that in *Bayou*, section 543 did not apply, as there was no custodian or receiver in that case. *Id.* By contrast, in the instant case, there is a Property Receiver with a limited mandate; he was appointed to serve as custodian of the Property, he is not "debtor's management." Accordingly, the Receiver's status as "manager" or custodian of only the Property could not "blossom" into that of a debtor-in-possession. *See 400 Madison Ave.*, 213 B.R. at 898 (receiver does not assume duties of either a chapter 11 trustee or a debtor-in-possession).

[5] Section 322, which covers the qualifications of a trustee, does not apply to a receiver. *400 Madison Ave.,* 213 B.R. at 894 n.11.

Even though the Property Receiver served as the custodian of the Property as of the Petition Date, had the Debtor signed and filed the Petition, the Debtor would have been a debtor-in-possession, as no chapter 11 trustee has been appointed under section 1104 of the Bankruptcy Code. *Id.* However, the Bankruptcy Code does not support the proposition that a receiver – even if he retained possession under 543(d) – can qualify as a "trustee." *Id.* Moreover, the Bankruptcy Code does not authorize an *in rem* receiver to assume the duties of a chapter 11 trustee. *Id.* Although section 543(d) authorizes a receiver to maintain the property of which he serves as the custodian, "the receiver does not take on the obligations and duties of a Chapter 11 trustee nor the somewhat different ones of a debtor-in-possession set forth in Code § 1107." *Id.*

Instead, the Property Receiver argues impliedly that he should be able to act as a quasi-debtor- in-possession or trustee because "the Debtor's principals have been out of possession since early 2019." Omnibus Motion, ¶ 6. The only alternative raised in the Omnibus Motion is unpalatable to all sides: "It would be anathema to the driving force behind the Chapter 11 filing if somehow the Debtor's principals came back into management. . . ." *Id.* at ¶ 16. However, in the event that the Court declines to dismiss this case, another option is available in a chapter 11 case – an option that, unlike the "receiver as debtor-in-possession" option advocated in the Omnibus Motion, is authorized under the Bankruptcy Code. That option is the appointment of a chapter 11 trustee, an independent fiduciary, to administer the case under section 1104 of the Bankruptcy Code.[6]

---

[6] Nor could the Court appoint the Property Receiver as a receiver with expanded powers, as section 105(b) of the Bankruptcy Code precludes the appointment of a receiver to operate a chapter 11 debtor. *See Stratesec, Inc.*, 324 B.R. 156, 157 (Bankr. D.D.C. 2004).

-11-

If the Court directs the appointment of a chapter 11 trustee, the Property Receiver will deliver the Property to the trustee under section 543(b) so as to allow for the efficient administration of the estate for the benefit of the estate and its creditors. *See Stratesec*, 324 B.R. at 158 (once "the bankruptcy case [is] the forum to handle the debtor's financial affairs, the court should treat the receivership as suspended . . . with the receiver no longer playing a role"). Such an appointment would have the added benefit of addressing the Property Receiver's legitimate concerns about bringing the Debtor's principals "back into management." Omnibus Motion at ¶ 16. Should the Court decline to dismiss this case, the obvious alternative of turning the reins of the Debtor's affairs over to a chapter 11 trustee, an independent fiduciary, would render the relief sought under section 543(d)(1) moot. Accordingly, the Omnibus Motion, to the extent that it seeks to excuse the Property Receiver from the turnover requirement of section 543(b), should be denied.

### D.    The Property Receiver Should Not Be Designated as a "Responsible Person" Under Bankruptcy Rule 9001(5)

Federal Rule of Bankruptcy Procedure 9001(5) authorizes the Court to designate certain "persons" to step into a debtor's shoes "[w]hen any act is required by these rules to be performed by the debtor. . . ." Fed R. Bankr. P. 9001(5). Although the rule casts "a very wide net as to who can act on behalf of a debtor," *In re Cambridge Analytica LLC*, 596 B.R. 1, 8-9 (Bankr. S.D.N.Y. 2019), nothing in the rule allows a receiver with a purely *in rem* custodial state court mandate to assume the mantle of a company's management. *See 400 Madison Ave.*, 213 B.R. at 898 (receiver limited to custodianship over property cannot become debtor-in-possession with control over all of debtor's affairs). Here, the Property Receiver seeks this Court's authorization to use Rule 9001(5) to broaden the scope of his mandate under the State Court Removal Order so

that, going forward, he will manage the Debtor itself rather than only the Property. This request goes far beyond the scope of the rule, which sets forth the fiduciary duty of a debtor-in-possession. *In re Signature Apparel Group LLC*, 577 B.R. 54, 98 (Bankr. S.D.N.Y. 2017). The rule is not a vehicle for the Property Receiver to use to promote himself from a custodian only with respect to the Property to a chapter 11 debtor-in-possession with total control over all aspects of the Debtor's affairs. *400 Madison Avenue*, 213 B.R. at 898.

In fact, the relief sought in the Omnibus Motion exceeds the scope of the State Court Removal Order. The state court authorized the Property Receiver "to place *the Property* into bankruptcy . . . and to take all necessary steps to resolve any such bankruptcy proceeding. . . ." Removal Order, ECF Doc. No. 1, pg. 30 of 44 (emphasis added). Although the meaning of the verb "resolve" in the quoted passage is unclear, nothing in the State Court Removal Order suggests that the state court intended to preempt the authority of the federal courts in bankruptcy matters. *See* 28 U.S.C. § 1334(a) (conferring original and exclusive jurisdiction over bankruptcy cases on the federal district court). The State Court Removal Order authorized the Property Receiver to "take the Property into bankruptcy." That order regarding the *Property* was not a mandate for the Property Receiver to sign and file a chapter 11 petition in the name of the *Debtor* or to administer the entire bankruptcy case. *See 400 Madison Ave.*, 213 B.R. at 898 (receiver's role defined by state court order appointing him).

In sum, it makes no sense to invoke Rule 9001(5) to enable the Property Receiver to administer the Property while leaving the rest of the chapter 11 issues unattended. Moreover, the Property Receiver cannot invoke Rule 9001(5) to cure the central defect in his argument: He had no authority to sign and file the Petition, and nothing in Rule 9001(5) confers that authority on him. In the event that the case is not dismissed, the appointment of a chapter 11

trustee would be a much better and efficient alternative to enabling the Property Receiver to act as a debtor-in-possession, as a trustee would be empowered to address both the myriad of issues that arise in a chapter 11 case and the issues related to the Property itself. *See* 11 U.S.C. § 1106 (setting forth the duties of a trustee).

### E.    Because of a Disqualifying Conflict of Interest, FTI Should Not Be Retained Under Section 327(a)

Section 327(a) of the Bankruptcy Code provides, in pertinent part, as follows:

> (a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more . . . professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent of assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a). The Second Circuit has held that a professional "hold[s] or represent[s] an interest adverse to the estate" either when it

> (1) Possess[es] or assert[s] any economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is the rival claimant; or (2) [it] possess[es] a predisposition under circumstances that render such a bias against the estate.

*In re AroChem Corp.*, 176 F.3d 610, 623 (2d Cir. 1999), , quoting *In re Roberts*, 46 B.R. 815, 827 (Bankr. D. Utah 1985). An interest is "adverse" if it "'would even faintly color the independence and impartial attitude required by the Code and Bankruptcy Rules.'" *In re Granite Partners, L.P.*, 219 B.R. 22, 33 (Bankr. S.D.N.Y. 1998), quoting *In re Roberts*, 46 B.R. 815, 827 (Bankr. D. Utah 1985).

Such professional persons may include "attorneys, accountants, auctioneers, or other professionals to represent the trustee." *In re Palm Coast, Matanza Shores Ltd. Partnership*, 101 F.3d 243, 257 (2d Cir. 1996). A disinterested person has no

-14-

> interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor . . . or for any other reason."

11 U.S.C. § 101(14); *Staiano v. Pillowtex, Inc.* (*In re Pillowtex, Inc.*), 304 F.3d 246, 250 (3d Cir. 2002).

By definition, a debtor or trustee who retains "his own professional firm to assist him [has] "an interest adverse to the estate." *Palm Coast*, 101 F.3d at 258. As the United States Court of Appeals for the Second Circuit has stated, "[o]nce the trustee's firm is hired by the estate, the trustee's personal interests are implicated." *Id.* A debtor or trustee that hires his own firm may find himself in a position where his or his firm's interest would be at odds with that of the estate. *See id.*

Here, the Property Receiver's motion to retain his own firm – apart from the fact that the Property Receiver is neither a debtor-in-possession nor a trustee – places him in exactly the position described in *Palm Coast*. If the Property Receiver employs his employer, FTI, neither he nor his firm can be a "disinterested person" that has no interest adverse to the estate. *Id.*

Nor can the Property Receiver avail himself of Section 327(d) of the Bankruptcy Code. That subsection authorizes a trustee to be retained "*as attorney or accountant* for the estate if such authorization is in the best interest of the estate." 11 U.S.C. § 327(d) (emphasis added). In contrast to section 327(a), which authorizes the retention of "attorneys, accountants, appraisers, auctioneers, or other professional persons," 11 U.S.C. § 327(a), "[b]y its express language, section 327(d) permits the trustee to serve only as "attorney or accountant." *Palm Coast,* 101 F.3d at 258.

Although section 1107(b) of the Bankruptcy Code provides for an exception to section 327(a)'s disinterestedness requirement, that exception is limited and applies only "to professionals who are disqualified *solely* because of their prior employment for the debtor-in-possession."  *In re Federated Dept. Stores, Inc.*, 44 F.3d 1310, 1318 (6th Cir. 1995). Where a professional has a disabling conflict for any other reason, section 1107 cannot cure the conflict.  *See id.* (section 1107(b) provides no exception to section 327(a) disqualification of interested professionals); *see also United States Trustee v. Andover Togs, Inc. (In re Andover Togs), Inc.,* Nos. 96 Civ. 7601 & 97 Civ. 6710, 2001 WL 262605, *5 (S.D.N.Y. Mar.15, 2001) (plain language of section 1107(b) "makes no mention of an exception to § 327(a) for parties who are not disinterested").[7]

Accordingly, FTI should not be retained as the Property Receiver's financial advisor.[8]

---

[7] In *In re 245 Assoc., LLC*, 188 B.R. 743, 750 (Bankr. S.D.N.Y. 1995), the receiver was authorized to retain his attorney under section 327(a).  *Id.*  In that case, however, the receiver did not seek to retain his own firm.  *Id.*

[8] In any event, the Property Receiver and FTI filed only a brief statement in a Supplemental Declaration of Receiver, dated November 11, 2020, , ¶ 15, ECF Doc. No. 4, to the effect that FTI has no conflicts.  This statement falls far short of providing adequate disclosure as required under Federal Rule of Bankruptcy Procedure 2014.

WHEREFORE, the United States Trustee requests that the Court sustain the objections contained herein, deny the Omnibus Motion and grant such other and further relief as is just and proper.

Dated: New York, New York
　　　　November 25, 2020

                              Respectfully submitted,

                              WILLIAM K. HARRINGTON
                              UNITED STATES TRUSTEE
                              Region 2

By:    /s/ Richard C. Morrissey
        Richard C. Morrissey
        Trial Attorney
        201 Varick Street, Room 1006
        New York, New York 10014
        Tel. No. (212) 510-0500