UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

In re

381 BROADWAY REALTY CORP.,

                      Debtor.

------------------------------------------------------------x

Case No. 20-12605 (MG)

<u>Chapter 11</u>

### MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE UNITED STATES TRUSTEE TO DISMISS THIS CASE PURSUANT TO SECTION 1112(b)(1) OF THE BANKRUPTCY CODE OR, IN THE ALTERNATIVE, FOR THE APPOINTMENT OF A CHAPTER 11 TRUSTEE <u>PURSUANT TO SECTION 1104 OF THE BANKRUPTCY CODE</u>

William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), respectfully submits this memorandum in support of his motion to dismiss this case pursuant to section 1112(b) of title 11, United States Code (the "**Bankruptcy Code**") in the alternative, for the appointment of a chapter 11 trustee in the above-referenced case pursuant to sections 1104(a) and (b) of the Bankruptcy Code. In support of this motion (the "**Motion**"), the United States Trustee respectfully states as follows:

### PRELIMINARY STATEMENT

This chapter 11 case should be dismissed because it was commenced without authority. This was not commenced by the Debtor corporation, but rather by the custodian appointed solely with respect to commercial real property owned by the Debtor (the "**Property Receiver**" and the "**Property**"). This custodian was appointed, pursuant to a New York State court order (the "**State Court Removal Order**"). Despite a vague provision in the State Court Removal Order

1

that the Property Receiver has the right to put the "Property" into bankruptcy, in the context of a state court *in rem* foreclosure action, the State Court did not – and arguably could not – authorize the Property Receiver to displace the Debtor's management and to install the Property Receiver as a person in total control of the Debtor. The Property Receiver's limited *in rem* authority is clear. The New York State Removal Order provided the Property Receiver with "the usual powers, duties and directions, as *in rem* receiver of mortgaged premises, including receiver of any rents, issues and profits now due and unpaid, …issuing out of the [Property]…." State Court Removal Order, attached as Exhibit C to Omnibus Motion, ECF Doc. No. 3, pg. 31 of 52. That order contains no provisions that vest the Property Receiver with any powers, rights, or authorizations regarding the governance of the corporate owner of the Property. The reliance by the Property Receiver on the State Court Removal Order as authority under the Bankruptcy Code to file a voluntary Chapter 11 petition for the corporation that owns the Property – when the Property Receiver was appointed merely as a custodian over the Property -- is misplaced.

A voluntary case under a chapter of the Bankruptcy Code is commenced by the filing of a petition by an entity that may be a debtor under Chapter 11. 11 U.S.C. § 301(a). A corporation may be a debtor. However, an *in rem* custodian of real property lacks the authority to commence a case under the Bankruptcy Code in the name of the corporation that owns that real property. Although the Bankruptcy Code may permit a custodian such as the Property Receiver, to seek to retain possession of the Debtor's property, nowhere does the Bankruptcy Code does not permit the custodian to assume the duties of a debtor-in-possession or, alternatively, a Chapter 11 trustee. As stated, the Property Receiver's powers and responsibilities were limited, confined solely to the collection of rents and general administrative responsibilities over the Property.

2

Should the Property Receiver, after consultation with and prior written approval of the secured lender, have determined that the Property would be more properly administered in a chapter 11 proceeding, the proper mechanism would have been to have filed an involuntary case, pursuant to section 303(a) of the Bankruptcy Code. Because the Property Receiver lacked the authority to file this voluntary Chapter 11 proceeding, it must be dismissed.

In the alternative, should the Court find that this voluntary Chapter 11 was appropriately commenced by the Property Receiver, then a chapter 11 Trustee should be appointed. As discussed more fully below, the Property Receiver seeks authorization from this Court for authority far beyond what was provided in the State Court Order, including the operation of the Debtor's business, managing a sale process, and filing a liquidating plan of reorganization. However, the limited custodial responsibilities over the Property accorded to the Property Receiver by the State Court does not vest the Property Receiver with the full panoply of corporate duties of a corporation nor has he been vested with the fiduciary responsibilities of a debtor-in-possession. For example, the Property Receiver has no authority to pursue causes of action on the behalf of the estate, particularly where such causes may not have any connection to the Property. The arrangement proposed by the Property Receiver to in effect permit him to act as a quasi-debtor-in-possession or trustee is not supported by the Bankruptcy Code. Instead, where a chapter 11 debtor is unable to manage its affairs, the Bankruptcy Code provides three alternatives: dismiss the case, appoint a chapter 11 trustee, or convert the case to a chapter 7.

Based on the State Court conclusion that the Debtor had failed to comply with that court's Orders, it appears likely that the Debtor will be unable to perform its duties as a debtor-

3

in-possession. For that reason, should this Court decline to dismiss this improperly commenced Chapter 11 case, a chapter 11 trustee should be appointed.

## FACTS

*Background*

1.  381 Broadway Realty Corp. (the "**Debtor**") owns a parcel of commercial property (the "**Property**") in Manhattan. *See* Omnibus Motion of 381 Broadway Realty Corp. to (I) Excuse the Receiver's Compliance with the Turnover Provisions of the Bankruptcy Code; (II) Designating Alan Tantleff, the Receiver, as the Responsible Person to Act for the Debtor Pursuant to Bankruptcy Rule 9001(5); and (III) Authorizing the Debtor to Retain FTI Consulting to Assist in the Receiver's Management of the Debtor's Property (the "**Omnibus Motion**"), ¶ 4, ECF Doc. No. 3; Receiver's Declaration Pursuant to Local Bankruptcy Rule 1007-2, dated November 6, 2020 (the "**Rule 1007-2 Declaration**"), ¶ 4; ECF Doc. No. 1, pg. 23 of 44.

2.  On or about January 28, 2020, the Debtor's senior lender, 381 Broadway Lender LLC (the "**Senior Lender**"), obtained a $20 million foreclosure judgment in state court. Rule 1007-2 Declaration, ¶ 4. According to the Rule 1007-2 Declaration, the Senior Lender believes that the approximate value of the Property as of the commencement of the case was $19 million. *Id.* at ¶ 5.

3.  As of the commencement of the case, three retail tenants operated their businesses in the building, whereas the remaining retail space and four offices were vacant. *Id.*

4.  During the pendency of a state court foreclosure action, an initial property receiver (the "**Initial Receiver**") was appointed pursuant to an Order of the state court dated March 20, 2019. *See id.* at ¶ 6. The Initial Receiver was subsequently removed "due to

4

mismanagement and failure to comply with prior Court orders" and replaced by the (current) Property Receiver, pursuant to an Order dated October 21, 2020. *See id.* at ¶ 6.

5. The state court "authorized the Receiver to cause the Chapter 11 filing to be made under the Removal Order." *Id.* at ¶ 9. Specifically, in the Removal Order, entered October 22, 2020 in the case of *381 Broadway Lender LLC v. 381 Broadway Realty Corp., et al.*, Index No. 653018/2018, the state court authorized the Property Receiver "to place the Property into bankruptcy . . . and to take all necessary steps to resolve any such bankruptcy proceeding. . . ." Removal Order, ECF Doc. No. 1, pg. 30 of 44.

6. On November 6, 2020 (the "**Petition Date**"), the Property Receiver signed the petition for the Debtor. *See* Petition, ECF Doc. No. 1, pg. 4 of 44, as well as the Schedules, *see id.* at pg. 5 of 44, and the Rule 1007-2 Declaration, *see id.* at pg. 26 of 44 (the "**Rule 1007-2 Declaration**").

7. According to the Rule 1007-2 Declaration, the Property Receiver intends to pursue a sale and marketing process and to file a disclosure statement and liquidating chapter 11 plan. Rule 1007-2 Declaration, ECF Doc. 1, ¶ 10, pg. 24 of 44.

8. Based on the filings, it appears that the Debtor and its principal played no role in the decision to file this chapter 11 case and is not in control of its assets pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. *See id. passim.*

9. To date, the United States Trustee has been unable to appoint an official committee of unsecured creditors. *See* Declaration of Richard C. Morrissey, attached to this Motion, ¶ 2.

**Omnibus Motion**

10. On November 11, 2020, the Property Receiver filed the Omnibus Motion,[1] in which the Property Receiver seeks an Order (1) excusing the Property Receiver from complying with the turnover provisions of the Bankruptcy Code, (2) designating the Property Receiver as the "responsible person" to act for the Debtor pursuant to 9001(5), and (3) "authorizing the Debtor to retain FTI consulting to assist in the Property Receiver's management of the Debtor's property." Omnibus Motion, p. 1; ¶ 2.

11. According to the Omnibus Motion, the Property Receiver should "be deemed the responsible person for the purposes of administering this Chapter 11 case," because he is a "person in control" of the debtor for purposes of Federal Rule of Bankruptcy Procedure 9001(5). *Id.* at ¶ 18.

12. If the Court excuses the Property Receiver from turning over the Property under Section 543(d) of the Bankruptcy Code, the Omnibus Motion calls for the retention of FTI Consulting "to assist in the day-to-day management of the Property." *Id.* at ¶ 20.[2]

## III. DISCUSSION

---

[1] Although the Omnibus Motion was purportedly filed by the Debtor, the Omnibus Motion contains no indication that the Debtor had anything to do with the commencement of this chapter 11 case, let alone the filing of the Omnibus Motion.

[2] The United States Trustee has filed an Objection to the Omnibus Motion, arguing, *inter alia*, that because this case was improperly commenced by a custodian that lacked authority to file a chapter 11 petition in the name of this Debtor, a chapter 11 trustee should be appointed to replace the Property Receiver and the Property Receiver should be directed to turn over the assets under his control to the chapter 11 trustee. In addition, pursuant to section 327(a) of the Bankruptcy Code, the United States Trustee opposed the proposed retention of FTI Consulting as a financial advisor, because the Property Receiver is an employee of FTI Consulting. Accordingly, FTI is not disinterested for purposes of section 327(a) and should not be retained.

The facts of this case warrant the dismissal of this case which was commenced without authority, pursuant to 11 U.S.C. § 1112(b)(1), or, in the alternative, the appointment of a chapter 11 trustee pursuant to 11 U.S.C. §§ 1104(a)(1) and (a)(2).

### A.    **Legal Authority -- Dismissal**

Section 1112(b)(1) and (2) provide, in pertinent part, as follows:

> (b)(1) Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7[3] or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.
>
> (2) The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that—
>
> (A) there is a reasonable likelihood that a plan will be confirmed within . . . a reasonable period of time; and
>
> (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)—
>  (i) for which there exists a reasonable justification for the act or omission; and
>  (ii) that will be cured within a reasonable period of time fixed by the court.

11 U.S.C. §§ 1112(b)(1) and (2).

The Bankruptcy Code describes a number of factors, any one of which may constitute "cause" for either the conversion of a Chapter 11 case to a Chapter 7 case or the dismissal of a chapter 11 case. See 11 U.S.C. § 1112(b)(2).  Relevant here is that "[i]t is well-settled that a

---

[3] Conversion of these cases under 1112(b) would not be appropriate under these circumstances as there is insufficient information to determine the likelihood of success should this case remain in Chapter 11.

bankruptcy filing is a specific act requiring specific authorization." *In re Nica Holdings, Inc.*, 810 F.3d 781, 789–90 (11th Cir. 2015), (quoting *In re N2N Commerce, Inc.*, 405 B.R. 34, 41 (Bankr. D. Mass. 2009)). Failure to have obtained the appropriate authorization for filing a bankruptcy petition is grounds for dismissal of the case. *See In re Nica Holdings, Inc.*, 810 F.3d at 791. The absence of corporate authority to file a bankruptcy petition constitutes cause for dismissal. *In re 167 West 133rd Street Housing Dev. Fund Corp.*, No. 18-12043, 2018 WL 4637460, at *4 (Bankr. S.D.N.Y. Sept. 25, 2018), citing, *inter alia*, *Price v. Gurney*, 324 U.S. 100, 106 (1945); *In re Pasta Bar by Scotto II*, No. 15-12766 (MG), 2015 WL 7307246, at *3 (Bankr. S.D.N.Y. Nov. 19, 2015); *(citing In re E. End Dev., LLC*, 491 B.R. 633, 638 (Bankr. E.D.N.Y. 2013).

As this Court has explained, the Bankruptcy Code does not establish express rules relating to authority to file a voluntary petition for relief. In order to determine authority to file, "'courts initially look to the state law governing the entity.'" *In re Pasta Bar By Scotto II, LLC*, No. 15-12766, 2015 WL 7307246 at *5 (Bankr. S.D.N.Y. Nov. 19, 2015), quoting *In re Quad-C Funding* LLC, 496 B.R. 135, 141 (Bankr. S.D.N.Y. 2013); *see also In re Am. Globus Corp.*, 195 B.R. 263, 265 (Bankr. S.D.N.Y. 1996) ("authority to file a bankruptcy petition must derive from state law"). In *Pasta Bar*, finding that the bankruptcy filing was undertaken without authority, the chapter 11 case was dismissed. *Pasta Bar* at * 6.

Where the filer of a bankruptcy petition lacks authority to do so, not only does "cause" exist to dismiss under section 1112(b), but the bankruptcy court does not even have subject matter jurisdiction over the petition. *In re Mid-South Bus. Assocs.*, 555 B.R. 565, 570 (Bankr. N.D. Miss. 2016). Where the proper corporate authority and subject matter do not exist, dismissal is the appropriate remedy. *See id.*, ("petition filed without proper corporate authority

8

must be dismissed independent of any finding of 'cause' under § 1112(b), because [absent] corporate authority . . . then this Court lacks subject matter jurisdiction"), citing *Price*, 324 U.S. at 106.

As to whether a receiver, such as the Property Receiver herein, has the authority to commence a bankruptcy case, courts have found that whether a receiver has the corporate authority to file a bankruptcy petition, "[t]he court that appoints the receiver determines the scope of that receiver's authority." *Fed. Home Loan Mortg. Corp. v. Tsinos*, 854 F. Supp. 113, 115 (E.D.N.Y. 1994). "[A] receiver does not have the power, at least without special order of the court, to institute bankruptcy proceedings." *Jolly v. Pittore*, 170 B.R. 793, 797 (S.D.N.Y. 1994); *Manhattan Rubber Manufacturing Company v. Lucey Manufacturing Company,* 2d Cir. 1925, 5 F.2d 39, 42 (Learned Hand concurring). *See also In Re Prudence Co., Inc.,* 79 F.2d 77 (2d Cir. 1935); *Esbitt v. Dutch-American Mercantile Corp.,* 335 F.2d 141 (2d Cir. 1964).

### B.    Cause Exists to Dismiss this Case Pursuant to 11 U.S.C. § 1112(b)

The facts before this Court plainly demonstrate that the Property Receiver had no authority to file the Petition. The State Court Receiver Order provided that the Property Receiver was "appointed . . . as receiver of the mortgaged premises," not as management of the Debtor. State Court Removal Order, ECF Doc. No. 3, pg. 31 of 52. From the date of his appointment, the *in rem* Property Receiver's role was restricted to the Property. *See id.* Nowhere does the State Court Removal Order grant the Property Receiver *in personam* rights to manage the Debtor.

The Property Receiver exceeded the state court's mandate by taking not only the Property, but also the Debtor itself into bankruptcy," *see id.* at pg. 33 of 52. He had no authority

9

to take *in personam* control of the Debtor in order to sign and file the Petition. *See 400 Madison Ave. Ltd. P'ship*, 213 B.R. 888, 898 (Bankr. S.D.N.Y. 1997) (receiver appointed as custodian of property cannot become debtor-in-possession with total control of debtor's management). Because this case was commenced without proper authorization, it should be dismissed.

The Property Receiver was apparently motivated to take this course of action because he had been unable to sell the Property in the context of the state court proceeding. *See* Omnibus Motion, ¶ 9. The Property Receiver explains in his Supplemental Declaration that "limitations on foreclosure sales under the New York on Pause executive orders . . . will delay the sale of the Property through the foreclosure action." Supplemental Declaration, ¶ 8, ECF Doc. No. 4. The Property Receiver seeks to do in this Court what he could not accomplish in the state court; he wanted to sell the Property.

Here, the Property Receiver had no authority to commence this case. Even though the Property Receiver served as the custodian of the Property as of the Petition Date, the Bankruptcy Code does not support the proposition that an *in rem* receiver – even if he retained possession under Section 543(d) of the Bankruptcy Code – can qualify as a "trustee." *Id.* Moreover, the Bankruptcy Code does not authorize a receiver to assume the duties of a chapter 11 trustee. *Id.* Although section 543(d) authorizes a receiver to maintain the property of which he serves as the custodian, "the receiver does not take on the obligations and duties of a Chapter 11 trustee nor the somewhat different ones of a debtor-in-possession set forth in Code § 1107." *Id.*

Accordingly, because the Property Receiver lacked authority to file the Petition, the case should be dismissed.

C. **Legal Authority – Chapter 11 Trustee**

The Bankruptcy Code is designed to allow a debtor-in-possession to retain management and control of the debtor's business operations. *See* 11 U.S.C. §§ 1007, 1008; *In re Sillerman*, 605 B.R. 631, 640 (Bankr. S.D.N.Y. 2019); *In re Eurospark Indus.*, 424 B.R. 621, 627 (Bankr. E.D. N.Y. 2010). It is well recognized, however, that a debtor-in-possession owes fiduciary duties to the bankruptcy estate, *In re Smart World Techs., LLC*, 423 F.3d 166, 175 (2d Cir. 2005), and must, among other things, "protect and . . . conserve property in [its] possession for the benefit of creditors" and "refrain [] from acting in a manner which could damage the estate, or hinder a successful reorganization of the business." *In re Ionosphere Clubs, Inc.*, 113 B.R. 164, 169 (Bankr. S.D.N.Y. 1990) (quoting *In re Sharon Steel Corp.*, 86 B.R. 455, 457 (Bankr. W.D. Pa. 1988), *aff'd*, 871 F.2d 1217 (3d Cir. 1989)). "The willingness of Congress to leave a debtor-in-possession is premised on an expectation that current management can be depended upon to carry out the fiduciary responsibilities of a trustee." *In re V. Savino Oil & Heating Co., Inc.*, 99 B.R. 518, 526 (Bankr. E.D. N.Y. 1989). If a debtor-in-possession defaults in that respect, then the debtor may be dispossessed of its officers and alternative management may be appointed in the form of a Chapter 11 trustee. *See Schuster v. Dragone*, 266 B.R. 268, 271 (D. Conn. 2001).

The Bankruptcy Code sets forth two separate standards for the Court's determination of the necessity of appointing a trustee: Section 1104(a)(1) and (a)(2). The sections provide, in pertinent part:

> (a) At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee –

11

>      (1) for cause, including fraud, dishonesty, incompetence, or
> gross mismanagement of the affairs of the debtor by current
> management, either before or after the commencement of the case,
> or similar cause, but not including the number of holders of
> securities of the debtor or the amount of assets or liabilities of the
> debtor. . . .
>
>      (2) if such appointment is in the interests of creditors, any
> equity security holders, and other interests of the estate, without
> regard to the number of holders of securities of the debtor or the
> amount of assets or liabilities of the debtor [ ].

11 U.S.C. § 1104(a)(1), (a)(2).

A finding of "cause" under § 1104(a)(1) mandates the appointment of a trustee. *Sillerman*, 605 B.R. at 642; *USHA SoHa Terrace, LLC v. RGS Holding, LLC, et al.* (*In re Futterman*), 584 B.R. 609, 616 (Bankr. S.D.N.Y. 2018); *1031 Tax Group*, 374 B.R. 78, 86 (Bankr. S.D.N.Y. 2007); *Oklahoma Refining Co. v. Blaik (In re Oklahoma Refining Co.)*, 838 F.2d 1133, 1136 (10th Cir. 1988). The list of wrongs constituting "cause" warranting the appointment of a trustee is non-exclusive; thus, factors relevant for a court's consideration to the appointment of a trustee under Section 1104(a)(1) include: conflicts of interest, including inappropriate relations between corporate parents and the subsidiaries; misuse of assets and funds; inadequate record keeping and reporting; various instances of conduct found to establish fraud or dishonesty; and lack of credibility and creditor confidence. *In re Altman*, 230 B.R. 6, 16 (Bankr. D. Conn. 1999), *aff'd in part, vacated in part*, 254 B.R. 509 (D. Conn. 2000). The "court need not find any of the enumerated wrongs to find cause for appointing a trustee." *Oklahoma Refining*, 838 F.2d at 1136. The appointment of a Chapter 11 trustee is,

> in the appropriate case, . . . critical for the court to exercise in order
> to preserve the integrity of the bankruptcy process and to insure
> that the interests of creditors are served.

*In re Lopez-Munoz*, 553 B.R. 179, 189 (1st Cir. BAP 2016), quoting *In re Nartron Corp.*, 330 B.R. 573, 591-92 (Bankr. W.D. Mich. 2005).

A court is given "wide latitude" to determine whether the challenged conduct rises to the level of "cause." *In re Ashley River Consulting, LLC*, Case Nos. 14-13406, 14-13407, 2015 WL 1540941, *10 (Bankr. S.D.N.Y. 2015). In addition, matters of concern that raise suspicions that a debtor's management[4] has acted fraudulently and that necessitate an investigation can be deemed sufficient cause to appoint a trustee. *In re Soundview Elite, Ltd.*, 503 B.R. 571, 581-82 (Bankr. S.D.N.Y. 2014). In determining whether cause exists to warrant the appointment of a chapter 11 trustee, courts will consider a debtor's management's pre- and post-petition conduct. *Sillerman*, 605 B.R. at 654; *1031 Tax Grp.*, 374 B.R. at 86.

Through Section 1104(a)(1) of the Bankruptcy Code, Congress has mandated that a Chapter 11 debtor-in-possession, who acts as a fiduciary of the bankrupt estate, be an honest broker. *See Commodity Futures Trading Comm'n v. Weintraub,* 471 U.S. 343, 355 (1985) ("[T]he willingness of courts to leave debtors in possession 'is premised upon an assurance that the officers and managing employees can be depended upon to carry out the fiduciary responsibilities of a trustee.'"). When a debtor-in-possession, or its management, has exhibited an inability or unwillingness to comply with their basic fiduciary duties, there is but one remedy established by Congress to supplant management while allowing the case to remain in chapter 11: The appointment of a trustee pursuant to 11 U.S.C. § 1104(a). *See In re V. Savino Oil*, 99 B.R. at 526 ("And if the debtor-in-possession defaults in this respect, [s]ection 1104(a)(1) [of the

---

[4] To be sure, there is no evidence or suggestion that the *Property Receiver* is guilty of any kind of mismanagement. Any reference to mismanagement herein refers to the Debtor's mismanagement that led to the appointment of the Property Receiver. As the Debtor remains nominally in charge of the portion of its business not subject to the Property Receiver's custodianship, the Debtor's mismanagement of the company is material to a determination as to whether a chapter 11 trustee should be appointed in this case.

13

Bankruptcy Code] commands that stewardship of the reorganization effort must be turned over to an independent trustee.").

In turn, section 1104(a)(2) of the Bankruptcy Code allows appointment of a trustee even when no "cause" exists. *See In re Sharon Steel Corp.*, 871 F.2d 1217, 1226 (3d Cir. 1989); *In re Ionosphere Clubs, Inc.*, 113 B.R. 164, 168 (Bankr. S.D.N.Y. 1990). Under Section 1104(a)(2), the Court may appoint a trustee, in its discretion, to address the "interests of the creditors, any equity security holders, and other interests of the estate." 11 U.S.C. § 1104(a)(2). *See*, *e.g.*, *Sharon Steel*, 871 F.2d at 1226; *Comm. of Dalkon Shield Claimants v. A.H. Robins Co.*, 828 F.2d 239, 242 (4th Cir. 1987); *see also The 1031 Tax Group*, 374 B.R. at 90 (Section 1104(a)(2) standard is "flexible" so as to give court discretion to appoint trustee where such appointment would benefit the parties and estate). Even "in the absence of fraud or dishonesty," the appointment of a Chapter 11 is appropriate where "the debtor-in-possession suffers from conflicts of interest which impact its ability to fulfill its fiduciary duties." Lopez-Munoz, 553 B.R. 179 at 196; *see also In re Ridgemour Meyer Props., LLC,* 413 B.R. 101, 113 (Bankr.S.D.N.Y.2008) (independent trustee should be appointed when debtor and its managers "suffer from material conflicts of interest").

### D. Cause Exists for the Appointment of a Chapter 11 Trustee Under Section 1104(a)(1)

In the instant case, there is ample cause for the Court to appoint a Chapter 11 trustee under subsection (a)(1) of Section 1104 of the Bankruptcy Code. The chapter 11 petition was filed – and the case is being administered -- without the Debtor's participation. Instead, by filing the petition and announcing his intention to sell the Property and file a chapter 11 Plan, the

14

Property Receiver has moved from controlling the Property to controlling the Debtor itself.[5] Moreover, although by virtue of the filing of the chapter 11 petition he has expanded his control of the Debtor, on the other hand, the Property Receiver wants to reduce the scope of the chapter 11 case to the sale and confirmation process.[6] But there is much more this case than those two issues; there are a myriad of issues concerning the administration of this chapter 11 case that could only be addressed by a debtor-in-possession or a chapter 11 trustee.

A chapter 11 trustee would determine, for example, whether the estate may have one or more causes of action against the Debtor's management and the Initial Receiver. A trustee would also investigate the validity and the various creditors' claims against the debtor, including the claim of the Senior Lender. And these claims are quite substantial. In addition to the Senior Lender's claim, Schedule D filed by the Property Receiver lists a claim in excess of $3 million held by Titan Capital ID LLC. Schedule D, ECF Doc. No. 1, pg. 11 of 44. Unsecured priority claims include a $99,185.84 claim held by the NYC Department of Finance for real estate taxes, and the Property Receiver lists 24 general unsecured claims, each of which is listed in an "unknown" amount. Schedules E and F, ECF Doc. No. 1, pg. 13-17 of 44.

In addition, a chapter 11 trustee would examine the Debtor's leases that are listed in Schedule G. ECF Doc. No. 1, pg. 19. In connection with the aforementioned secured claims, the

---

[5] This fact makes this case distinguishable from *S.E.C. v. Byers, et al.*, 609 F.3d 87, 93 (2d Cir. 2010), where the United States District Court had deemed a receiver a debtor-in-possession, but allowed the bankruptcy court to decide a challenge to the receiver to serve in that capacity. Apart from the fact that in the instant case, a state court appointed the Property Receiver, the State Court Removal Order did not give the Property Receiver control over all aspects of a bankruptcy case. Thus, the Property Receiver cannot act as a debtor-in-possession. Also, as noted elsewhere in this Objection, the Property Receiver has no intention of undertaking all of the duties of a debtor-in-possession and nor could he.

[6] According to the Omnibus Motion, the State Court "authorized the Receiver to cause the Chapter 11 filing to be made. . . ." Omnibus Motion, ¶ 9. That authorization, however, did not alter the fact that if, under the facts and circumstances, the Debtor is unwilling or unable to administer a chapter 11 case, section 1104 provides the remedy. That remedy is not to expand an *in rem* receiver's role, but rather the appointment of a chapter 11 trustee to administer the case.

trustee would also investigate the claims the secured lenders may have against the Debtor's principal, who is listed as a co-debtor in Schedule H. ECF Doc. No. 1, Pg. 20 of 44. Finally, the Property Receiver has stated that "there is a personal injury suit that was commenced recently." Rule 1007-2 Declaration, ECF Doc. No. 1, pg. 25 of 44.

Nothing in either the Rule 1007-2 Declaration or the Omnibus Motion suggests that the Property Receiver intends to address any of these issues. Furthermore, given the limitations of the state court's Removal Order, which stated only that the Property Receiver could "place the Property into bankruptcy," Removal Order, ECF Doc. No. 1, pg. 30 of 44, there is a limit to what the Property Receiver can do with the Debtor's affairs apart from taking care of the Property. In addition to displacing the Debtor and filing this chapter 11 case, the Property Receiver is attempting to narrow the wide range of duties for which a chapter 11 fiduciary is responsible. The Property Receiver seeks to reduce the chapter 11 process to (1) filing the petition and accompanying documents, (2) selling the Property, and (3) filing a disclosure statement and liquidating plan. As noted above, however, there is much more to this chapter 11 case than the Property Receiver plans, or is empowered to, undertake.[7]

Only a chapter 11 trustee will be in a position to conduct the necessary investigations and pursue appropriate remedies in the best interest of the estate and its creditors. The Bankruptcy Code provides a remedy to address a corporate governance problem such as exists here, where the Debtor's management has played no role in either the commencement or the administration of this case. Turning control of the Debtors, their assets, and their potential

---

[7] Even if the Removal Order had given the Property Receiver a broader mandate, a state court does not have jurisdiction over bankruptcy cases. *See* 28 U.S.C. § 1334(a) (providing the federal district court with original and exclusive jurisdiction over bankruptcy cases). Thus issues, such as who can administer a bankruptcy case and which aspects of a case are to be administered, are determined by the Bankruptcy Code, not a state court.

causes of action over to a chapter 11 trustee would reassure creditors and other parties-in-interest that the estate's fiduciary is looking out for *them*. It is evident that a thorough investigation is needed in these cases by an independent fiduciary in whom the Court and the parties can have confidence. *See In re Veblen West Dairy LLP*, 434 B.R. at 553.

Accordingly, "cause" exists under 11 U.S.C. § 1104(a)(1) for the appointment of a Chapter 11 Trustee as an independent fiduciary necessary to restore confidence of the creditors in the liquidation of the estate for the ultimate benefit of all parties in interest.

> E. **Because the Appointment of a Chapter 11 Trustee Would Be in the Interests of Creditors and other Interests of the Estate, Appointment of a Chapter 11 Trustee is Warranted Under Section 1104(a)(2)**

Similarly, even if the Court finds that the United States Trustee has failed to demonstrate cause for the appointment of a trustee under subsection (a)(1) of Section 1104, a Chapter 11 trustee would be in the best interests of creditors. Accordingly, the appointment is warranted under Section 1104(a)(2) of the Bankruptcy Code. See 11 U.S.C. § 1104(a)(2). Under Section 1104(a)(2), courts "eschew rigid absolutes and look to the practical realities and necessities." *See In re Taub*, 427 B.R. 208, 227 (Bankr. E.D.N.Y. 2010) (quoting *In re Adelphia Communication Corp.*, 336 B.R. 610, 658 (Bankr. S.D.N.Y. 2006)); *In re Euro-American Lodging Corp.*, 365 B.R. 421, 427 (Bankr. S.D.N.Y. 2007). As a court noted in *Schuster v. Dragone*, 266 B.R. 268 (D. Conn. 2001):

> In determining whether the appointment of a trustee is in the best interests of creditors, a bankruptcy court must necessarily resort to its broad equity powers." In equity, "courts eschew rigid absolutes and look to the practical realities and necessities inescapably involved in reconciling competing interests . . . . Moreover, equitable remedies are a special blend of what is necessary, what is fair, and what is workable.

17

*Id*. at p. 272-73 (quotations omitted). Accordingly, the standard for appointment of a Chapter 11 trustee under Section 1104(a)(2) is flexible. *See* 124 Cong.Rec. H11, 102 (daily ed. Sept. 28, 1978); S17,419 (daily ed. October 6, 1978). The House Report summarizes the reasons for Congress' adoption of a flexible standard for the appointment of trustees. The House Report, in part, reads as follows:

> The twin goals of the standard for the appointment of a trustee should be protection of the public interest and the interests of creditors, as contemplated in current chapter X and facilitation of a reorganization that will benefit both the creditors and the debtors, as contemplated in current chapter XI. Balancing the goals is a difficult process, and requires consideration of many factors.

H.R. Rep. No. 595, 95th Cong., 1st Sess. 232 (1977), U.S. Code Cong. & Admin. News 1978, p. 6192.

Among the factors considered by the courts in assessing motions brought under this section include: (1) the trustworthiness of the debtor, (2) the debtor's past and present performance and prospects for rehabilitation, (3) the confidence – or lack thereof – of the business community and of creditors in present management, and (4) the benefits derived from the appointment of a trustee, balanced against the cost of the appointment. *In re China Fishery Group Limited (Cayman)*, 16-11895, 2016 WL 6875903, at *14 (Bankr. S.D.N.Y. Oct. 28, 2016); *Euro-American*, 365 B.R. at 427. Still another factor in determining whether the appointment of a Chapter 11 trustee is appropriate is whether the debtor-in-possession would be willing – or even able – to pursue causes of action on behalf of the estate. *See William H. Vaughan & Co., Inc.*, 40 B.R. 524, 526 (Bankr. E.D. Pa. 1984) (unwillingness or inability of management of pursue estate causes of action among grounds for appointment of Chapter 11 trustee). Finally, courts will also consider such factors as "conflicts of interest, inappropriate

18

relations between corporate parents and subsidiaries, [and] misuse of assets and funds. . . ." *In re Ancona*, No. 140-10532 (MKV), 2017 WL 7868696, at *9 (Bankr. S.D.N.Y. Nov. 30, 2016).

Here, the fact that the Property Receiver has already supplanted the Debtor makes the continuation of this case as a debtor-in-possession case untenable. The Debtor may have one or more causes of action against its principal. *See In re Soundview Elite, Ltd.*, 503 B.R. 571, 583 (Bankr. S.D.N.Y. 2014) (Court directed appointment of Chapter 11 trustee, noting that "I have no faith that the Debtors' current managers are capable of acting independently and in the best interests of the estates, or in objectively investigating themselves"). The Debtor cannot be expected to investigate any possible causes of action against the principal. *See Oklahoma Refining*, 838 F.2d at 1135 (chapter 11 trustee appointed where debtor "was in the awkward position of having to decide whether or not to sue itself").

Moreover, the need for a chapter 11 trustee is acute in that the Debtor's management has already lost control of the company. Not only is the Debtor no longer making decisions for the company during the chapter 11 case, but the decision to commence this case was made by the Property Receiver, not by the Debtor. Where, as here, the Property Receiver appears to have limited the scope of his duties in this case to the sale and plan processes, and the Debtor is playing no role, a chapter 11 trustee should be appointed to administer the entire chapter 11 case.

Accordingly, it is in the interest of the estate and its creditors at this juncture to put these cases into the hands of an independent fiduciary who can, among other things, (1) assume control of the Debtors' assets, (2) investigate the validity and extent of the secured and unsecured claims against the Debtor, (3) determine whether the Debtor has causes of action against the Debtor's principal and/or the Initial Receiver, (4) evaluate the leases entered into by the debtor, (5) sell the Property, and (6) formulate a viable Chapter 11 plan. The appointment of a chapter

19

11 trustee will remove any doubt over the authority of the person administering the estate and furthers the interests of creditors.

### IV. CONCLUSION

WHEREFORE, the United States Trustee respectfully requests (1) that the Court dismiss this case pursuant to 11 U.S.C. § 1112(b), or (2) direct the appointment of a Chapter 11 trustee; and grant such other and further relief as may be deemed just and proper.

Dated: New York, New York
November 30, 2020

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, Region 2

By:    */s/ Richard C. Morrissey*
Richard C. Morrissey
Trial Attorney
201 Varick Street, Room 1006
New York, New York 10014
Tel. (212) 510-0500